# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
## www.flmb.uscourts.gov

**In re:**                                                              Case No: 6:23-bk-01483-TPG
                                                                        Chapter 13

**HEIDI L. SANCHEZ,**

     **Debtor.**
_____/

## DEBTOR'S RESPONSE TO AMENDED MOTION OF NATIONAL STAFFING SOLUTIONS, INC. FOR PROSPECTIVE RELIEF FROM AUTOMATIC STAY

     Debtor, Heidi L. Sanchez, by and through undersigned counsel, in response to the Amended Motion of National Staffing for Prospective Relief from Automatic Stay [the "Motion"] (Doc. No. 17) filed by National Staffing Solutions, Inc. ("Movant"), would show as follows:

     1.    Movant seeks relief from the Automatic Stay provided by 11 U.S.C. § 362 (a) "for the purposes of pursuing its action in the Middle District of Florida, National Staffing Solutions, Inc. v. Sanchez, 6:21-cv-01590-PGM-LHP, to pursue its right to recover its property, information, and data from Sanchez as well as a permanent injunctive relief and the recovery of damages as well as its claims for equitable and legal relief, including attorneys' fees".

     2.    Movant fails, however, to state a cause for which the stay is to be modified.  See, e.g., 11 U.S.C. § 362 (d).  A court may grant relief from the automatic stay imposed by 11 U.S.C. § 362(a) only "for cause," 11 U.S.C. § 362(d)(1), and the burden of establishing a prima facie case of "cause" falls squarely on the Movant. See, e.g., In re Rothstein Rosenfeldt Adler, P.A., Case No. 09-34791-RBR, 2011 Bankr. LEXIS 591, at *6 (S.D. Fla. Bankr. Jan. 24, 2011). "The party asserting that cause exists has the burden of establishing the legally sufficient basis for such relief." In re Louis, 20-62841-JWC, 2020 WL 2843013, at *2 (Bankr. N.D. Ga. May 29, 2020). The Bankruptcy Code does not provide a definition of "cause" and "so courts often analyze cause by considering the totality of the

circumstances in each case." In re Honh-Yin Chan, Case No. 6:18-bk-03297-KSJ, 2019 WL 3948202 at *2 (Bankr. M.D. Fla. June 3, 2019); In re Bryan Road, LLC, 382 B.R. 844, 854 (S.D. Fla. Bankr. 2008).

3. It is the Movant's burden to show "cause" for relief from the automatic stay. In re Ellingsworth Residential Cmty. Ass'n, Inc., 6:20-BK-01346-KSJ, 2020 WL 6803154, at *2 (Bankr. M.D. Fla. Oct. 16, 2020). Should the Movant "fail[] to make an initial showing of cause, [] the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." In re Sonnax Indus., Inc., 907 F.2d 1280, 1285-86 (2d Cir. 1990); see also Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause."). "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." In re Leibowitz, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); see also In re Motors Liquidation Co., 2010 WL 4966018 (S.D.N.Y. Nov. 17, 2010). The only "cause" Movant cites is the desire to return to District Court to liquidate its claim. The same could be said by any and every creditor in a bankruptcy case.

4. "The automatic stay is among the most basic of debtor protections under bankruptcy law." Soares v. Brockton Credit Union (In re Soares), 107 F. 3d 969, 975 (1st Cir. 1997) (citing Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 503 (1986); see also In re Halo Wireless, Inc., 684 F.3d 581, 586 (5th Cir. 2012). ("Congress considered the automatic stay one of the fundamental debtor protections provided by the bankruptcy laws when it was instituted."). The stay "is extremely broad in scope and, 'aside from the limited exceptions of subsection' (b), applies to almost any type of formal or informal action taken against the debtor or the property of the

estate." Montalvo v. Autoridad de Acueductos y Alcantarillados (In re Montalvo), 537 B.R. 128, 140 (Bankr. D.P.R. 2015). This expansive scope serves the cardinal purposes of bankruptcy: namely, to "prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." In re SCO Grp., Inc., 395 B.R. 852, 856 (Bankr. D. Del. 2007) (internal quotation marks omitted)); Unisys Corp. v. Dataware Prods., Inc., 848 F.2d 311, 313 (1st Cir. 1988); In re Jefferson Cnty., 491 B.R. 277, 285 (Bankr. N.D. Ala. 2013) (explaining that a key purpose of municipal bankruptcy is "the breathing spell provided by the automatic stay" and stating "[i]f the automatic stay is to be lifted routinely to allow claimants to assert their claims in state court, a municipality will not have the time, opportunity or ability to confirm a plan"). In light of this fundamental protection, an order lifting the automatic stay is an "extraordinary remedy." In re 234-6 West 22nd St. Corp., 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997.

5. Movant has gotten the cart before the horse. Movant seeks to liquidate its claim and then determine whether the claim is dischargeable. If the claim is dischargeable, there is no reason for Movant to pursue its remedies in District Court. Only if the claim will survive is it necessary to proceed as Movant desires.

Wherefore, Debtor prays this Court deny the relief prayed for, and grant such other relief that may be just and proper in the circumstances.

/s/ Robert B. Branson
Robert B. Branson, Esquire
Florida Bar No.: 800988
E-mail: *robert@bransonlaw.com*
**BransonLaw PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834


Facsimile: (407) 894-8559
Attorney for Debtor

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been sent by U.S. Mail or by electronic transmission to ECF users this 31st day of July, 2023, to: Laurie K. Weatherford, Trustee, P. O. Box 3450, Winter Park, Florida 32790; Debtor, Heidi L. Sanchez, 5659 Berwood Drive, Orlando, FL 32810; National Staffing Solutions, Inc., c/o George Coe, Esquire, Losey PLLC, 1420 Edgewater Dr., Orlando, FL 32804.

/s/ Robert B. Branson
Robert B. Branson, Esquire