**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:                                                    **Case No: 6:23-bk-01483-TPG**
                                                          **Chapter 13**
**HEIDI L. SANCHEZ,**

      **Debtor.**

_____/

**NATIONAL STAFFING SOLUTIONS, INC.,**

      **Plaintiff,**

**v.**                                                    **Adv. No.: 6:23-00068-TPG**

**HEIDI L. SANCHEZ,**

      **Defendant.**

_____/

**MOTION PURSUANT**
**TO RULE 9019 TO APPROVE COMPROMISE AND SETTLEMENT**
**OF NATIONAL STAFFING SOLUTIONS, INC. CLAIMS AGAINST DEBTOR**

    Debtor, Heidi L. Sanchez ("Debtor") moves, pursuant to Section 105 of Title 11, United States Code, and Rules 2002, 7041, and 9019, Federal Rules of Bankruptcy Procedure ("Rule(s)") for the entry of an order approving the settlement and compromise of the claims asserted by the Debtor and National Staffing Solutions, Inc. ("Creditor") against each other, as set forth in **Exhibit A** attached hereto.  In support thereof, the Debtor states as follows:

**Jurisdiction and Venue**

    1.    This Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2), including, but not limited to, subsections (A), (E), and (O), and this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

    2.    Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**Background**

3.     On April 20, 2023, the Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

4.     Creditor filed Claim 7 in this case as a general unsecured claim in the amount of $137,229,266.00.

5.     On or about October 16, 2023, the Debtor filed her Objection to Claim 7 (Doc. No. 41) [the "Objection"].

6.     On or about Juy 3, 2023, Creditor filed a Complaint to Determine Dischargeabiity of Debts and to Recover Its Property, Adv. Proc. No. 6:23-ap-00068-TPG (Doc. No. 1) [the "Adversary"].

9.     The Debtor and Creditor (the Debtor and Creditor are collectively the "Settlement Parties") have been engaged in settlement negotiations, and the Parties have been able to reach a settlement of all claims the Parties may have against each other, including the Complaint.

**The Compromise**

10.     Through negotiations between the Parties, in their business judgment, have reached a settlement which has been reduced to writing and a true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A**, subject to this Court's approval, the terms of which are summarized[1] below.

11.     In order to fully resolve all claims the Parties may have against each other, including the Complaint, the Settlement Parties have agreed as follows:

---

[1] To the extent there is any conflict between the summary language in this 9019 Motion and the terms of the Settlement, the terms of the Settlement – attached as an exhibit hereto – shall govern and control the agreement amount the parties.

a.      Creditor shall have an allowed general unsecured claim in the amount of One Million Dollars ($1,000,000.00);

b.      Debtor shall turnover any and all devices provided to her by NSSI, including any cellular telephones or other similar devices.

c.      Debtor shall turn over and then delete any NSSI information in her possession;

d.      Debtor shall cause all her heirs, assigns, employees and agents, including any lawyers, experts, or other professionals engaged by her, to turn over any copies of NSSI data in their possession and to destroy any remaining copies;

e.      Debtor shall direct her professionals (including her forensic experts) to turn over all forensic copies of any of Debtor's devices and upon acknowledgement of receipt, shall destroy any copies in their possession;

f.      Debtor shall provide a sworn statement in respect of the information provided to Ascendo as part of her employment with them;

g.      Creditor shall voluntarily dismiss the above-styled Adversary Proceeding with prejudice;

h.      The parties and their attorneys will not, directly or indirectly, make any disparaging statements (i.e., statements harmful to business interests, reputation or good will) in any form (orally, in writing, etc.) against the other Party;

12.     The Settlement, if fully performed, includes a full and complete mutual release of all claims that the Debtor and Creditor may have against each other.

13.     In reaching this settlement Creditor acknowledges that Debtor made no admission as to any liability, wrongdoing or taking any form of improper action and that Debtor has agreed

to this compromise only because the nature of the potential litigation is expensive and protracted. The Debtor believes it is in his best interest to enter into this compromise.

### The Standard for Approval of a Compromise

14.     The standard for approval of a compromise under F. R. B. P 9019 requires an analysis of four factors announced in the case of *Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544, (11th Cir. 1990). The factors are: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. Id. at 1549.

### The Best Interest of the Estate

15.     The Debtor contends that the settlement, as fully outlined in the attachment and as described above, is in the best interests of the estate.

16.     The Debtor has negotiated this settlement based upon the standards announced in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990).

17.     Consistent with the requirements of F. R. B. P. 9011, the Debtor has evaluated all claims.

18.     The litigation between the Debtor and Creditor is likely to become intense if not resolved and will require substantial additional time to be spent on discovery and on trial time.

19.     The proposed settlement eliminates the uncertainty of litigation and resolves the issue in a timely manner.

20.     In reaching this Settlement based upon his business judgment, the Debtor has considered the impact on ALL creditors and has concluded that the Settlement is in the best interests of ALL creditors.

RESPECTFULLY SUBMITTED this 23rd day of July, 2024.

/s/ Robert B. Branson
ROBERT B. BRANSON
Florida Bar No. 800988
**BransonLaw, PLLC**
1501 E. Concord St.
Orlando, FL  32803
Phone:  407-894-6834
Fax:  407-894-8559
E-mail:  bob@bransonlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2024, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF Filing System, which will provide electronic service to all other registered recipients, including to National Staffing Solutions, Inc., c/o George Coe, Esquire, Losey, PLLC, 1420 Edgewater Dr., Orlando, FL 32804.

/s/ Robert B. Branson
ROBERT B. BRANSON
Florida Bar No. 800988

## SETTLEMENT AGREEMENT

THIS AGREEMENT, made and entered into on this _____ day of June, 2024, by and between Heidi Sanchez, hereinafter referred to as "Sanchez", and National Staffing Solutions, Inc. hereinafter collectively referred to as "NSSI" (Sanchez and NSSI collectively are the "Parties"), and do agree to the following:

### W I T N E S S E T H:

**WHEREAS**, on September 28, 2021, NSSI filed a lawsuit against Sanchez, in the United States District Court for the Middle District of Florida, Orlando Division, styled: *National Staffing Solutions, Inc. vs. Heidi Sanchez*, Case No. 6:21-cv-01590-PGB-LHP (the "District Court Action");

**WHEREAS**, on April 20, 2023, Sanchez filed a petition for relief under Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, styled: *In re: Heidi Sanchez*, Case No. 6:23-bk-01483-TPG;

**WHEREAS**, on or around June 28, 2023, NSSI filed Proof of Claim No. 7-1 asserting a right to payment of damages arising from the actions alleged in the District Court Action (the "Claim");

**WHEREAS**, on July 3, 2023, NSSI filed adversary proceeding styled: *National Staffing Solutions, Inc. vs. Heidi Sanchez*, 6:23-ap-00068-TPG (the "Adversary Proceeding"), attempting to determine that the debt Sanchez owes to NSSI is non-dischargeable;

**WHEREAS**, on October 16, 2023, Sanchez filed an objection to the Claim;

**WHEREAS,** Sanchez denies any wrongdoing;

**WHEREAS**, the parties are desirous of entering into an agreement in which they will settle and adjust all matters relating to monies claimed to be owed by each party to the other;

**NOW, THEREFORE**, it is agreed that in consideration of the mutual promises, agreements and covenants contained herein, together with good and valuable consideration, the

Doc ID: 55c898a776daa00e1f513077d7403bb9e67acd76

receipt and sufficiency of which are hereby acknowledged, subject to bankruptcy approval, it is agreed as follows:

1.   **Whereas Clauses**: The Whereas clauses contained above are true and correct and are incorporated herein by reference.

2.   **Consideration**: The consideration for this Agreement is the mutual benefits to be obtained by the parties and the promises of each party to the other. The adequacy of the consideration for this Agreement is admitted by the parties and each intends to be legally bound by it.

3.   **Allowed Claim**: the Claim shall be allowed in the amount of One Million Dollars ($1,000,000) (the "Allowed Claim").

4.   **Objection to Discharge**: NSSI agrees to voluntarily dismiss the Adversary Proceeding with prejudice. For the avoidance of doubt, the effect of this dismissal is that the Allowed Claim shall be treated ratably with all other unsecured creditors through any confirmed Chapter 13 plan.

5.   **Turnover of NSSI Property and Information**: Sanchez shall turnover any and all devices provided to her by NSSI, including any cellular telephones or other similar devices. Sanchez shall further turn over and then delete any NSSI information in her possession. Sanchez shall cause all her heirs, assigns, employees and agents, including any lawyers, experts, or other professionals engaged by her, to turn over any copies of NSSI data in their possession and to destroy any remaining copies. For the avoidance of doubt, Sanchez shall direct her professionals (including her forensic experts) to turn over all forensic copies of any of Sanchez's devices and upon acknowledgement of receipt, shall destroy any copies in their possession.

6.   **Cooperation**: Sanchez agrees to provide a sworn statement in respect of the

information provided to Ascendo as part of her employment with them.

7.    **Non-Disparagement:** The Parties and their attorneys will not, directly or indirectly, make any disparaging statements (*i.e.,* statements harmful to business interests, reputation or good will) in any form (orally, in writing, etc.) against the other Party.

8.    **Release:** Upon entry of the Compromise Order, Debtor waives and releases forever any claims, suits, demands, obligations, or actions that she may have against Creditor, or its attorneys, heirs, successors, or assigns, from the beginning of time through the execution of this Settlement Agreement, except for the rights, remedies, and obligations contained within this Settlement Agreement. Upon entry of the Compromise Order, Creditor waives and releases forever any claims, suits, demands, obligations, or actions that it may have against Debtor, or her attorneys, heirs, successors, or assigns, from the beginning of time through the execution of this Settlement Agreement, except for the rights, remedies, and obligations contained within this Settlement Agreement.

9.    **Bankruptcy Court Approval:** This Settlement Agreement is binding upon the Parties, but is subject to Court approval pursuant to Bankruptcy Rule 9019. Counsel for Debtor shall file a motion seeking entry of an order by the Court approving the Settlement Agreement pursuant to Bankruptcy Rule 9019 (the "Compromise Motion"). If an objection is made to the 9019 motion, and the Court denies entry of an order approving the Settlement Agreement, this Settlement Agreement shall be null and void. This Settlement Agreement shall become enforceable upon entry of a final order approving this Agreement ("Compromise Order").

10.    **[Reserved].**

11.    **Dismissal of District Court Action:** Upon entry of the Compromise Order, Creditor will dismiss the District Court Action, with prejudice, as to Debtor.

12. **Entirety/Modifications:** This Settlement Agreement shall constitute the sole and entire agreement between the Parties with respect to the subject matter hereof. There are no other agreements, promises, representations, or warranties except as expressly set forth herein. This Settlement Agreement may only be modified by a writing signed by all Parties hereto.

13. **Counterpart and Electronic Signatures:** This Settlement Agreement may be executed in more than one counterpart, each of which shall be deemed an original, and all of which shall constitute one and the same instrument. Signatures via facsimile or other electronic means will be treated as originals for all purposes.

14. **Successors and Assigns:** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective successors, assigns, heirs, executors, administrators, officers, directors, shareholders, employees, agents and legal representatives.

15. **Legal Counsel:** The Parties hereto do represent and warrant to one another that each has been represented by counsel of their own choosing in connection with the negotiation and drafting hereof, that all Parties have participated in the drafting thereof, and that therefore this Settlement Agreement shall not be construed more or less favorably against either party. Each party further represents and warrants to one another that he, she, or it has read and understands the terms hereof, and enters into such Settlement Agreement as his, her, or its own free and voluntary act.

16. **Prevailing Party/Attorneys' Fees:** In the event it shall become necessary for any party to take action of any type whatsoever to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover all attorneys' fees, costs, and expenses, including all out-of-pocket expenses that are not taxable as costs, incurred in connection with any such action including any negotiations, mediations, litigation, or appeals.

17.     **Validity and Construction**: This Settlement Agreement and the validity, performance, and enforcement hereof, shall be interpreted and construed in accordance with the laws of the State of Florida and the United States Bankruptcy Code.

18.     **Jurisdiction**: The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Settlement Agreement.

19.     **Authority:** By signing this Settlement Agreement, the Parties represent that they have full authority to enter into this Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement on the effective date of June ____, 2024.

_____
Heidi Sanchez, Debtor

_____
National Staffing Solutions, Inc.
By: Jon Skepko
Title:
        COO

**Dropbox** Sign

**Audit trail**

| | |
|---|---|
| **Title** | Hello |
| **File name** | 1719250420-Settle...ement_6.24.24.pdf |
| **Document ID** | 55c898a776daa00e1f513077d7403bb9e67acd76 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

**This document was requested on bransonlaw.cliogrow.com and signed on bransonlaw.cliogrow.com**

## Document History

| | | |
|---|---|---|
| **SENT** | **06 / 24 / 2024**<br>17:34:13 UTC | Sent for signature to Heidi Sanchez<br>(sanchez.heidi@gmail.com) from deanna@bransonlaw.com<br>IP: 71.43.122.226 |
| **VIEWED** | **06 / 25 / 2024**<br>13:18:40 UTC | Viewed by Heidi Sanchez (sanchez.heidi@gmail.com)<br>IP: 107.132.250.113 |
| **SIGNED** | **06 / 25 / 2024**<br>13:18:56 UTC | Signed by Heidi Sanchez (sanchez.heidi@gmail.com)<br>IP: 107.132.250.113 |
| **COMPLETED** | **06 / 25 / 2024**<br>13:18:56 UTC | The document has been completed. |

**Signature:**

**Email:** jskepko@nationalstaff.com

# Settlement Agreement 6.24.24 - signed

Final Audit Report                                                    2024-07-23

| | |
|---|---|
| Created: | 2024-07-23 |
| By: | Scott Richards (srichards@losey.law) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAuBrwg1dSc_MUIyWLfYZNdWMhL4v0w9Bm |

## "Settlement Agreement 6.24.24 - signed" History

📄 Document created by Scott Richards (srichards@losey.law)
2024-07-23 - 8:35:11 PM GMT

📧 Document emailed to Jon Skepko (jskepko@nationalstaff.com) for signature
2024-07-23 - 8:35:18 PM GMT

📄 Email viewed by Jon Skepko (jskepko@nationalstaff.com)
2024-07-23 - 8:36:36 PM GMT

✍️ Document e-signed by Jon Skepko (jskepko@nationalstaff.com)
Signature Date: 2024-07-23 - 8:37:06 PM GMT - Time Source: server

✅ Agreement completed.
2024-07-23 - 8:37:06 PM GMT

**Adobe Acrobat Sign**